IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 1 4 2014
CLERK, U.S. DISTRICT C...
By_____ Deputy

| | | |
|---|---|---|
| JOHNNY DEWAYNE LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-836-A |
| | § | |
| CORRECTION CORPORATION OF | § | |
| AMERICA, ET AL., | § | |
| | § | |
| Defendants. | § | |

ORDER

Now before the court is the above-captioned action wherein plaintiff is Johnny Dewayne Lewis, and defendants are Correction Corporation of America, President Damon Hininger, Warden Mary Brandin, Chief Coughran, Captain Rick Looney, and Sargeant M. Mitcell. On October 21, 2014, the magistrate judge issued findings of fact and conclusions of law recommending that plaintiff not be allowed to proceed <u>in forma pauperis</u>, because he is barred from proceeding under 28 U.S.C. § 1915 in any civil action unless he is under imminent danger of serious physical injury.

In response, plaintiff filed an objections on October 29, 2014, and thereafter two other declarations. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of the

magistrate judge's order to which specific objection is made. United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court has concluded that plaintiff's objections have no merit.

Plaintiff's objections filed October 29, 2014, states that he is being watched and fears that if he is seen writing to the courts, he will be beaten by other inmates. However, this issue was not raised until after the magistrate issued his Findings, Conclusions and Recommendation ("FC&R"). In reviewing a magistrate judge's FC&R, the court may not consider an issue raised for the first time in a party's objections. Cupit v. Whitley, 28 F.3d 532, 535 (5th Cir. 1994). Therefore, Lewis's contention that he is in imminent danger of serious physical injury is not properly before this court.

Plaintiff's declaration filed October 29, 2014, alleges that he was beaten by a fellow inmate on October 24, 2014. As discussed above, this new issue was not raised before the magistrate judge, and therefore can not be considered by this court. Furthermore, the showing of imminent danger of serious physical injury must be shown at "the time when the action or appeal is filed or the motion for IFP status is made." Banos v. O'Guin, 144 F.3d 883 (5th Cir. 1998). Even assuming arguendo that such event would show plaintiff was in imminent danger of

2

serious physical injury, such event happened after the action was filed and after the motion for IFP status was made.

Plaintiff's November 4, 2014, declaration alleges that (1) he was not allowed books in solitary confinement, (2) that he was disciplined excessively as a result of his October 30, 2014, disciplinary hearing, and (3) that he has been receiving substandard medical care. The first two allegations do not involve physical injury. The last allegation is not the type of "imminent danger" contemplated by the requirements of 28 U.S.C. § 1915(g). See, e.g., Banos, 144 F.3d at 885 (5th Cir. 1998) Edmond v. Tex. Dep't of Corr., 1998 WL 723877, slip op. at *3 (5th Cir. Oct. 7, 1998) (generalized complaints of medical care insufficient to meet "imminent care" requirement).

Therefore,

The court ORDERS that plaintiff's objections to the magistrate judge's October 21, 2014, order be, and are hereby, overruled.

The court accepts the recommendations of the United States Magistrate Judge and ORDERS that plaintiff be, and is hereby, denied the right to proceed in forma pauperis in this action.

The court further ORDERS that plaintiff by 4:00 p.m. on December 1, 2014, pay to the Clerk of the court the full filing and administrative fees of $400.00.

3

The court further ORDERS that failure of plaintiff to comply with the terms of this order may result in the dismissal of this action without further notice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

SIGNED November 14, 2014.

_____
JOHN McBRYDE
United States District Judge